**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. HOGAN,** | ) | **CASE NO.4:08CV2539** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **ROBERT WELCH, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Michael J. Hogan's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

<u>**FACTS**</u>

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.  On June 27, 2001 in Mahoning County, Ohio, Petitioner was charged with one count of Murder, in violation of Ohio Revised Code § 2903.02(B)(D),

1

and one count of Aggravated Robbery, in violation of O.R.C. § 2911.01(A)(3)(C).  On October 24, 2003, a jury found Petitioner guilty of both counts.  On October 29, 2003, the trial judge sentenced Petitioner to a prison term of fifteen years to life for the Murder conviction and ten years for Aggravated Robbery, with the sentences to be served consecutively.  On November 7, 2003,  Petitioner filed a Motion For Judgment of Acquittal / For New Trial.  On December 17, 2003, the trial judge denied Petitioner's Motion.

On August 16, 2004, Petitioner filed a Brief in Support of his Direct Appeal.  On September 13, 2005, the Seventh District Court of Appeals affirmed the trial court's judgment.  On October 27, 2005, Petitioner filed a Memorandum in Support of Jurisdiction in the Supreme Court of Ohio.  On May 19, 2006, the Supreme Court of Ohio reversed the judgment of the Ohio Court of Appeals and remanded Petitioner's case for re-sentencing pursuant to *State v. Foster*, 845 N.E.2d 470 (Ohio 2006).   On August 25, 2006 the trial court re-sentenced Petitioner and imposed the same sentence that it had imposed previously.

On December 4, 2006, Petitioner filed a Notice of Appeal to the Seventh District Court of Appeals.  On June 15, 2007, the Seventh District Ohio Court of Appeals affirmed the sentence imposed by the trial court.  On July 13, 2007, Petitioner filed a Notice of Appeal to the Supreme Court of Ohio.  On October 24, 2007, the Supreme Court of Ohio denied leave to appeal.

Petitioner filed a Petition for a Writ of Habeas Corpus in this court on October 24, 2008, asserting the following  seven claims:

> **GROUND ONE:**    The  state  court  judgments  and  convictions  against Petitioner  are  void  because  his  convictions  and sentences  were  secured  in  violation  of  liberties guaranteed by the U.S. Const. Amend. VI and XIV when Petitioner  was  denied  the  effective  assistance  of appellate  counsel  for  counsel  failing  to  raise  the additional  issue  on  direct  appeal  that  Petitioner's conviction  for  aggravated  robbery  was  based  upon insufficient evidence.

2

**GROUND TWO:** The state court judgments and convictions against Petitioner are void because his convictions and sentences were secured in violation of liberties guaranteed by U.S. Const., Amend. VI and XIV when Petitioner was denied the effective assistance of appellate counsel because appellate counsel failed to allege that Petitioner had been denied timely access to Brady material.

**GROUND THREE:** The state court judgments and convictions against Petitioner are void because his convictions and sentences were secured in violation of liberties guaranteed by U.S. Const., Amend. VI and XIV when Petitioner was denied the effective assistance of appellate counsel because counsel failed to raise the additional issue on direct appeal that Petitioner's convictions for murder and aggravated robbery were obtained in violation of Petitioner's constitutional right to a speedy trial.

**GROUND FOUR:** The state court judgments and convictions against Petitioner are void because his convictions and sentences were secured in violation of liberties guaranteed by U.S. Const., Amend. VI and XIV when Petitioner was denied the effective assistance of appellate counsel because his appellate counsel failed to challenge the clear denial of due process when the State withheld Brady material and when it was disclosed that there were irregularities in eyewitness identification.

**GROUND FIVE:** Petitioner was denied due process of law in violation of U.S. Const., Amend. XIV when his state court trial was infected by repeated state misconduct, a denial of U.S. Const., Amend. XIV.

**GROUND SIX:** Petitioner was sentenced in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution when the state court trial judge imposed non-minimum, maximum, and consecutive sentences.

On November 3, 2008, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on December 2, 2009. Petitioner filed his Objections to the Report and

3

Recommendation on December 16, 2009.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Respondent first contends that the instant Petition should be dismissed for failure to exhaust state court remedies because Petitioner did not file an Ohio Rule of Appellate Procedure 26(B) application to reopen his appeal due to ineffective assistance of appellate counsel.  The Court agrees with the Magistrate Judge that Respondent's request to dismiss the case based upon failure to exhaust state remedies should be

4

denied because the unexhausted claims are time-barred. Therefore,

presenting them to the state courts would be futile, and "a habeas court should excuse

exhaustion where further action in state court would be an exercise in futility." *Turner v.*

*Bagley*, 401 F.3d 718, 724 (6th Cir. 2005).  The Magistrate Judge correctly proceeded

to the merits of the Petition.

In Ground One, Petitioner claims that appellate counsel was ineffective for failing

to argue that his conviction was not supported by sufficient evidence.  A claim of

ineffective assistance of appellate counsel is governed by the standard set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984).  In order to establish prejudice, a

petitioner must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Moreover, it must be remembered that appellate counsel is not ineffective if he or

she fails to raise every nonfrivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S.

745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Monzo v. Edwards*, 281 F.3d 568, 579 (6th

Cir. 2002). The process of " 'winnowing out weaker arguments on appeal' " is "the

hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct.

2661, 91 L.Ed.2d 434 (1986) (quoting *Barnes*, 463 U.S. at 751-52, 103 S.Ct. 3308).

"Generally, only when ignored issues are clearly stronger than those presented, will the

presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d

644, 646 (7th Cir.1986).

The Magistrate Judge points out that Petitioner's claim is based upon

insufficiency of the evidence.  On habeas review, the District Court cannot weigh

the credibility of the witnesses. *Walker v. Engle*, 703 F.2d 959, 969. Nor is the District

Court permitted to overturn a conviction merely because it would have acquitted had it

acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985), and

*Walker*, 703 F.2d at 969. In order to establish an insufficiency of the evidence claim, the

relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000), quoting *Jackson v. Virginia*, 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006).

The inquiry is not whether the jury made the correct determination of guilt or innocence, but whether it made a rational decision to acquit or convict. *Williams v. Haviland*, No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins*, 506 U.S.390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Petitioner contends the jury did not have sufficient evidence to support a conviction. The Magistrate Judge correctly determined that Petitioner is really challenging the weight of the evidence, not the sufficiency of the evidence.  Circumstantial evidence was introduced at trial to show that Petitioner was involved in the crime.  Additionally, eyewitness testimony was introduced to identify Petitioner.  Inconsistencies in witness' statements are a matter for consideration of the weight of the evidence, not the sufficiency of the evidence.

This Court agrees with the Magistrate Judge that whether the testimony was credible is beyond this Court's province. After reviewing the appellate court's synopsis of some of the testimony, it appears that sufficient evidence was introduced from other sources to support the jury's conclusion that Petitioner committed the crimes charged. Since Petitioner's claim of insufficiency of the evidence lacks merit, the Court finds his claim of ineffective assistance of appellate counsel based on that claim also lacks merit because Petitioner cannot establish deficient performance or prejudice. Therefore, Ground One is dismissed.

In Ground Two, Petitioner claims that appellate counsel failed to allege that

6

Petitioner had been denied timely access to *Brady* materials.  In *Brady v. Maryland* 373 U.S.83,83 S.Ct. 1194,10 L.Ed.2d 215 (1963), the United States Supreme Court held that "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.  In later cases, the Court eliminated the requirement for a defendant to request favorable information and stated that the constitutional duty to disclose is "triggered by the potential impact of favorable but undisclosed evidence. . ." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

To prevail on a *Brady* claim in habeas, a petitioner must demonstrate that the State withheld evidence from the defense at trial that was both material and favorable. *Kyles*, 514 U.S. at 432; *Brady*, 373 U.S. at 87.  Evidence is "material" for *Brady* purposes "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433.

The Court agrees with the Magistrate Judge's conclusion that  Petitioner has the burden of demonstrating to this Court that the State's alleged failure to timely produce the material sought undermines confidence in the outcome of the trial. Petitioner has not sufficiently identified the evidence to enable the Court to question the outcome of the trial. Aside from failing to identify the evidence, Petitioner has not demonstrated to this Court that the evidence was favorable, aside from asserting that he found it to be pertinent to his defense.  In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner asserts the Magistrate Judge has erred, violating the "Felix Frankfurter rule for statutory construction: read the statute, read the statute, read the statute. See 28 U.S. Code § 2254(e)."

This Court has read the statute and agrees with the Magistrate Judge that the applicant has the burden of rebutting the presumption of correctness of the State court by clear and convincing evidence.  Petitioner has not shown how he would have used the withheld evidence to conduct further discovery, to question witnesses at trial differently, or to further develop his theory of the case.  Therefore, the Court finds Ground Two is without merit and is dismissed.

In Ground Three, Petitioner claims that appellate counsel failed to allege that he had been denied the constitutional right to a speedy trial.  The Magistrate Judge thoroughly and accurately addressed the issue raised by Respondent that this claim is procedurally defaulted.  The Magistrate Judge determined Ground Three is an ineffective assistance of counsel claim based upon a constitutional speedy trial claim. An ineffective assistance of counsel claim can be based upon an underlying state-law error; therefore, even if Ground Three were based on a state law speedy trial violation, it would be cognizable in a federal habeas court.

However, the Court agrees that, even assuming the claim was not procedurally barred, Petitioner has failed to demonstrate that a constitutional speedy trial violation has occurred. Petitioner simply argues that trial counsel requested a continuance without seeking a waiver.  A continuance of trial alone is insufficient to show that a speedy trial violation has occurred. Rather, one must demonstrate a violation through four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 531.

The Court agrees with the Magistrate Judge's conclusion  that Petitioner has failed to demonstrate the merits of his underlying speedy trial claim. The Court finds

appellate counsel was not deficient and that Petitioner was not prejudiced.  Therefore, Ground Three is dismissed.

In Ground Four, Petitioner claims that appellate counsel failed to allege that Petitioner had been denied *Brady* material.  In his Report and Recommendation, the Magistrate Judge determined that Petitioner's argument lacks merit because Petitioner has failed to demonstrate that appellate counsel knew of, or should have known of, the alleged *Brady* violation. Counsel cannot be considered deficient for failing to raise a claim of which he was unaware or could not become aware with the exercise of due diligence. *See Hemphill v. U.S.*, Case. Nos. 1:01-CR-39(2), 1:04-CV-351, 2006 WL 1064037 at *1 (S.D.Ohio, Apr. 21, 2006), unreported.

The Magistrate Judge rightly points out that Petitioner has failed to demonstrate that a sufficient impropriety occurred during the out of court identifications of the two witnesses at issue, to warrant suppression of the in-court identifications of the witnesses.  Respondent asserts, and Petitioner does not refute, that each witness' testimony basically comports with the factors to be considered for out of court identification in *Manson v. Brathwaite*, 432 U.S. 98, (1976) (the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.).

The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate the merits of his underlying *Brady* claim.  Therefore, the Court finds that appellate counsel was not deficient,  Petitioner was not prejudiced, and thus Ground Four is dismissed.

In Ground Five, Petitioner claims that his trial court conviction was infected by repeated state misconduct in violation of the Fourteenth Amendment. The Magistrate Judge correctly determined  that Ground Five raises the same claims as those

underlying Ground Four.  As in Ground Four, the Court finds that Petitioner has failed to establish the merit of this claim.   Therefore, Ground Five is dismissed.

In Ground Six, Petitioner contends that the trial court's re-sentencing pursuant to *State v.Foster* violated the Due Process and Ex Post Facto Clauses of the United States Constitution.  The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1.  The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other." *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001).

 In his well-reasoned Report and Recommendation, the Magistrate Judge points out that Ex Post Facto Clause challenges to *Foster* have been repeatedly denied by Ohio state courts.  Additionally, Ex Post Facto challenges similar to that raised by Petitioner have also been rejected by judges in this district. *Watkins v.Williams*, Case No. 3:07CV1296 (N.D.Ohio June 17, 208) (J. Adams), *Lyles v. Jeffreys*, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver), *McGhee v Konteh*, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J.Nugent),  The Court agrees that Petitioner's Ex Post Facto Clause claim lacks merit, and therefore, dismisses Ground Six of the instant Petition to the extent that it asserts a violation of the Ex Post Facto Clause.

Petitioner claims the Ohio courts violated his Due Process rights by retroactively applying the post-*Foster* sentencing statute to his case to impose non-minimum and maximum sentences for the Aggravated Robbery charge. Both Judge Nugent and Judge Oliver of this Court have rejected similar claims in other cases, holding that no constitutional violation arose with the retroactive application of the post-*Foster* sentencing statute on remand to a petitioner who was improperly sentenced under the

10

pre-*Foster* statute. See *Ross v. Kelley*, No. 5:08CV2889; *Kravochuck v. Shewalter*, No. 1:09CV199; *McGhee*, No. 1:07CV1408, 2008 WL 320763.

The Magistrate Judge correctly held that this case involves imposition of a maximum sentence for a first degree felony in which the stated statutory range remained unchanged, (three to ten years for first degree felonies), so that Petitioner had notice of the penalty he could receive for the crime he committed. The Court agrees that the issue is whether Petitioner was ultimately sentenced under a statute that provided the judge sentencing discretion, and did not impose presumptions or mandate fact-finding. In this case, the post-*Foster* sentencing statutes afforded the trial judge sentencing discretion within a statutory range, which included the statutory maximum of ten years. Therefore, the trial court did not violate Petitioner's due process rights when it re-sentenced him within that range.

Petitioner also claims that the Ohio courts violated his Due Process rights by imposing consecutive sentences based upon judicial fact finding. Recently, the United States Supreme Court decided *Oregon v. Ice*, 129 S.Ct. 711 ( 2009), and held that "In light of this history, legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*." *Ice,* 129 at 717.   Therefore, the Court finds that imposing consecutive sentences does not violate the Due Process Clause of the United States Constitution. Petitioner has failed to show the state court's decision denying relief is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts presented in the state court.  Petitioner's Sixth Ground for relief is without merit and fails to prove a constitutional violation.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and

11

Recommendation and Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


s/Christopher A. Boyko
Date:1/19/2010                    CHRISTOPHER A. BOYKO
                                  United States District Judge

12